RECEIVED
2005 MAY 20 P 4: 02
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK KLINGER, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 2:05cv475-W |
| G.D. SEARLE, LLC (hereinafter "Searle") a subsidiary of PHARMACIA CORPORATION, (hereinafter "Pharmacia"), a Foreign Corporation; MONSANTO COMPANY; PFIZER INC., et al, | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

TO: United States District Court for the Middle District of Alabama

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation ("Pharmacia" and also improperly captioned in Plaintiff's complaint as Monsanto Company, see Paragraph 9), and Pfizer Inc. ("Pfizer") (collectively hereinafter "Defendants") hereby remove this action from the Circuit Court of Montgomery County, State of Alabama to the United States District Court for the Middle District of Alabama Northern Division and allege as follows:

1.      Searle, Pharmacia, and Pfizer are the Defendants in this action in the Circuit Court of Montgomery County, State of Alabama captioned *Frank Klinger v. G.D. Searle, LLC, et. al*, Case # CV 2005 000950.

2. On April 15, 2005 Plaintiff filed this action in the Circuit Court of Montgomery County, State of Alabama. This action is brought on behalf of Plaintiff "for injuries resulting in stroke" and "seeks monetary damages for personal injuries pursuant to AL Code Ann. Sec. 11-7-13, [for] damages caused by the drugs named herein and ingested by Plaintiff." (Complaint ¶ 1).

3. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. JURISDICTIONAL BASIS FOR REMOVAL

4. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) there is the requisite diversity of citizenship among the Plaintiff and Defendants.

### A. The Amount In Controversy Is Satisfied

5. It is facially apparent that Plaintiff asserts claims that if proved would exceed $75,000 exclusive of interests and costs. The following allegations in the Complaint support a finding of the requisite amount in controversy. This is a personal injury product liability action alleging injury arising out of the use of Bextra®, a prescription medication. Plaintiff alleges that Bextra® caused Plaintiff's stroke and seeks

damages for personal injury, mental anguish, economic (medical expenses), non-economic losses and punitive damages. Defendant denies any wrongdoing.

### B. Diversity of Citizenship

6. Plaintiff Frank Klinger is, and at the time suit was filed was, a resident and citizen of the state of Alabama. (Complaint ¶¶ 2, 3).

7. Defendant G.D. Searle LLC was at the time of filing of this action, and still is, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of Illinois.

8. Defendant Pharmacia Corporation was at the time of filing of this action, and still is, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey.

9. Defendant Monsanto Company, as an entity relevant to this action, changed its name to Pharmacia Corporation in 2000, the same entity in Paragraph 8 above.

10. Defendant Pfizer Inc. was at the time of filing of this action, and still is, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New York.

### II. PROCEDURAL REQUIREMENTS FOR REMOVAL

11. On April 20, 2005 Pharmacia was served with a copy of the Summons and Petition. Because this Notice of Removal is being filed within 30 days of the service of the Petition on Defendant, it is timely under 28 U.S.C. § 1446(b). Defendants who have not been served nevertheless make their appearance and join in this removal.

12. The United States District Court for the Middle District of Alabama Northern Division embraces the county in which the state court action is now pending and thus this Court is a proper venue for this action pursuant to 28 U.S.C. § 104(a) and 1441(a).

13. Copies of all process, pleadings and orders are collectively attached to this Notice of Removal as Exhibit "A".

14. Defendants are filing written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C § 1446(d). Copies of the Notice of Filing Notice of Removal together with this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of Montgomery County, State of Alabama, bearing case # CV 2005 000950, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

/s/ Lawrence B. Clark

Lawrence B. Clark
Gilbert C. Steindorff, IV
Wendy A. Madden
Attorneys for G.D. Searle LLC, Pharmacia Corporation and Monsanto Company

OF COUNSEL:

ADAMS AND REESE/LANGE SIMPSON
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203
205 250-5050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid on this 20 day of May, 2005

Navan Ward, Jr.
Andy D. Birchfield, Jr.
Paul Sizemore
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES
P. O. Box 4160
Montgomery, Alabama 36103-4160

_____
OF COUNSEL

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.