IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK KLINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:05-cv-00475-SRW |
| | ) |
| G.D. SEARLE, LLC (hereinafter "Searle") a subsidiary of PHARMACIA CORPORATION, (hereinafter "Pharmacia"), a Foreign Corporation; MONSANTO COMPANY; PFIZER INC., et al., | ) |
| | ) |
| Defendants. | ) |

JOINT MOTION FOR A STAY OF PROCEEDINGS
PENDING TRANSFER TO *IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION, MDL-1699*

NOW COME Plaintiff and Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation, Monsanto Company[1] and Pfizer Inc. ("Pfizer") (the "Defendants" ), (collectively, along with Plaintiff, "the Parties"), and jointly move this Court for a stay of all proceedings pending the transfer of this case to the United States District Court for the Northern District of California for consolidated and coordinated pre-trial proceedings as part of *In re Bextra and Celebrex Marketing, Sales practices and Products Liability Litigation,* MDL-1699. In support of this motion, the Parties respectfully show the Court as follows:

I.

Background

---

[1] It is Defendants position that Pharmacia is improperly captioned in Plaintiff's Complaint as Monsanto Company. However, it is Plaintiff's position that Monsanto Company is a proper Party to this action suit.

Plaintiff filed this pharmaceutical product liability action against Defendants on April 15, 2005, alleging that Plaintiff suffered a stroke as a result of ingesting the prescription medication Bextra®. Plaintiff contends that Bextra® was designed, formulated, marketed and distributed by Defendants. The Defendants filed their Answer in this Court on May 5, 2005. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the Parties met and agreed to certain pre-trial deadlines.

On September 6, 2005, the JPML issued a Transfer Order finding that centralization pursuant to 28 U.S.C. § 1407 was appropriate for cases relating to Bextra® or Celebrex® personal injury claims, and assigning the litigation to the Honorable Charles R. Breyer of the Northern District of California. *See* TRANSFER ORDER, IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODS. LIAB. LITIG., MDL-1699 (J.P.M.L. SEPT. 6, 2005) ("Transfer Order") (attached as Exhibit A). Under this order, other federal cases in which plaintiffs seek relief in connection with their use of Bextra® or Celebrex® will be treated as potential "tag-along" actions under the Rules for Multidistrict Litigation. See Rules 1 & 7.4(a) of Rules for Multidistrict Litigation Under 28 U.S.C. § 1407, 199 F.R.D. 425 (J.P.M.L. 2001).

The Parties have notified the JPML of the pendency of the instant matter and requested that it be transferred to MDL-1699 as a "tag along action."[2] *See* "Tag-Along Letter" attached hereto as Exhibit B. It is expected that the JPML will accede to this request and transfer this case to MDL-1699.

---

[2] After the JPML receives notification of a case, it verifies the existence of the case and issues an order conditionally transferring the case to the MDL Court. A part has fifteen (15) days to object to the transfer. If no

## II.

### Argument

All proceedings in the instant case should be stayed pending the transfer of this case to the United States District Court for the Northern District of California for consolidated and coordinated pre-trial proceedings as part of MDL-1699. As the JPML explained in ordered the centralization of Bextra® and Celebrex® cases into MDL-1699, "centralization under Section 1407 is necessary in this particular case[3] in order to eliminate duplicative discovery, avoid inconsistent pre-trial rulings, and conserve the resources of the parties, their counsel and the judiciary." TRANSFER ORDER at 1 (Exhibit A). In recognition of the imminence of transfer of a case to an MDL Court and in the interest of judicial economy, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Sup. 2d 804, 809 (N.D. Cal. 1998)(citing cases).

In light of the expected impending transfer of this action, and the consolidated pre-trial proceedings before the MDL Court, the Parties urge the Court to stay all proceedings here. A stay would further the policies embodied by the Multidistrict Litigation statutes and the interests of justice and comity, promote judicial economy, prevent the parties from incurring unnecessary litigation costs, preserve this Court's resources and better effectuate the MDL Court's supervisory powers and promote uniformity of decision. This stay is not sought for purposes of delay, but that justice may be done. Moreover, this stay will not prejudice the parties, particularly given

---

objection is made within that period, the transfer becomes final. *See* RULE 7.4 OF RULES FOR MULTIDISTRICT LITIGATION UNDER 28 U.S.C. § 1407, 199 F.R.D. 425 (J.P.M.L. 2001).

[3] It is Plaintiff's position that this matter is distinguishable from other Celebrex® and/or Bextra® cases that have been removed because this Federal Court indeed has jurisdiction over this action.

3

that both parties agree to the stay and an order transferring the case to MDL-1699 is expected soon.

For all of the foregoing reasons, this Court should stay all pre-trial proceedings pending determination of the JPML to transfer this case to MDL-1699.

### III.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that the Court grant their Joint Motion for a Stay of Proceedings Pending Transfer to In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation, MDL-1699. The Parties further request all such other and further relief, both at law and equity, to which they may be justly entitled.

Respectfully submitted,

/s/ Michael L. Wade, Jr.
Lawrence B. Clark     (CLA-012)
Michael L. Wade, Jr.  (WAD-020)
Gilbert C. Steindorff, IV (STE-173)
Attorneys for G.D. Searle LLC, Pharmacia Corporation and Pfizer Inc.

OF COUNSEL:
ADAMS & REESE / LANGE SIMPSON LLP
2100 3rd Avenue North, Suite 1100
Birmingham, AL 35203
205.250.5000
205.250.5034 (fax)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 12th day of October, 2005, I caused the foregoing to be filed via the CM/ECF system, which will automatically provide electronic notice to the following counsel of record:

Navan Ward, Jr.
Andy D. Birchfield, Jr.
Paul Sizemore
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103

/s/ Michael L. Wade, Jr.
OF COUNSEL