# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| CHAIRMAN: | MEMBERS: | | DIRECT REPLY TO: |
|---|---|---|---|
| Judge Wm. Terrell Hodges<br>United States District Court<br>Middle District of Florida | Judge John F. Keenan<br>United States District Court<br>Southern District of New York | Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Michael J. Beck<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002 |
| | Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas | |
| | Judge J. Frederick Motz<br>United States District Court<br>District of Maryland | Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit | Telephone: [202] 502-2800<br>Fax:       [202] 502-2888<br><br>http://www.jpml.uscourts.gov |

September 29, 2005

TO INVOLVED COUNSEL

Re: MDL-1699 -- In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

(See Attached Schedule CTO-1)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: October 14, 2005 (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By /s/ Donald S. Stewart
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 29 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 1699

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-1)

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, one additional action has been transferred to the Northern District of California. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Northern District of California and assigned to Judge Breyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of September 6, 2005, ___F. Supp. 2d___ (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

SCHEDULE CTO-1 - TAG-ALONG ACTIONS
DOCKET NO. 1699
IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

**DIST. DIV. C.A. #**     **CASE CAPTION**

ALABAMA MIDDLE
   ALM 1  05-500      Robert Webb v. G.D. Searle, LLC, et al.
   ALM 2  05-475      Frank Klinger v. G.D. Searle, LLC, et al.
   ALM 2  05-476      Clarice Hare v. G.D. Searle, LLC, et al.
   ALM 2  05-593      Barbara Clem v. G.D. Searle, LLC, et al.
   ALM 2  05-594      Phyllis McCord v. G.D. Searle, LLC, et al.

ALABAMA NORTHERN
   ALN 2  05-896      Earl Darby, Jr. v. Merck & Co., Inc., et al.
   ALN 2  05-1670     Gloria Mauldin v. Pfizer, Inc.
   ALN 2  05-1799     Mary Nell McCloud v. G.D. Searle, LLC, et al.
   ALN 7  05-1125     Stan Downey, et al. v. Merck & Co., Inc., et al.

ALABAMA SOUTHERN
   ALS 1  05-360      Cliff Norwood v. G.D. Searle, LLC, et al.
   ALS 1  05-361      James Alan Bell v. G.D. Searle, LLC, et al.
   ALS 1  05-388      James Rogers Fanning v. G.D. Searle, LLC, et al.
   ALS 1  05-397      John Scarcliff v. G.D. Searle, LLC, et al.
   ALS 1  05-399      Larry W. Brooks v. G.D. Searle, LLC, et al.
   ALS 1  05-454      Albert Pearson v. G.D. Searle, LLC, et al.
   ALS 2  05-368      Wilmer Merriweather v. G.D. Searle, LLC, et al.

CALIFORNIA CENTRAL
   CAC 2  05-3851     Robert Schwartz v. G.D. Searle, LLC, et al.
   CAC 2  05-6130     William Acosta, et al. v. Pfizer, Inc., et al.
   CAC 5  05-283      Lillie Baker v. Pfizer, Inc.

CALIFORNIA SOUTHERN
   CAS 3  05-1193     William Armbruster, et al. v. Merck & Co., Inc., et al.

COLORADO
   CO 1  05-1266      Jannett Graham v. Pfizer, Inc.

CONNECTICUT
   CT 3  05-1104      Thomas Durica, et al. v. Pfizer, Inc.

FLORIDA MIDDLE
   FLM 3  05-695      Mary Ellen Mule v. Pfizer, Inc.
   FLM 6  05-1174     Tracy Ring v. G.D. Searle, LLC, et al.
   FLM 8  05-963      Harley W. Horne v. Pfizer Inc.

FLORIDA SOUTHERN
   FLS 1  05-21241    Clara Fontanilles v. Pfizer, Inc.

IOWA NORTHERN
   IAN 2  05-1032     Jo Anne Pierce v. G.D. Searle, LLC, et al.

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **NEW YORK EASTERN** | |
| NYE 1 01-3441 | Alex Cain, et al. v. Merck & Co., Inc., et al. |
| NYE 1 05-3476 | Phyllis Weber, et al. v. Pfizer, Inc., et al. |
| **NEW YORK SOUTHERN** | |
| NYS 1 05-818 | Matthew Cavallo, et al. v. Pfizer, Inc., et al. |
| NYS 1 05-5210 | Michele Sharon Cardamone v. Pfizer, Inc. |
| NYS 1 05-5211 | Cynthia Young v. Pfizer, Inc. |
| NYS 1 05-7587 | Kathie Stephens v. Pfizer, Inc. |
| NYS 1 05-7588 | Denny Clubb v. Pfizer, Inc. |
| NYS 1 05-7589 | Linda Bentley v. Pfizer, Inc. |
| **OHIO NORTHERN** | |
| OHN 3 05-7200 | Sheila M. Blevins, etc. v. G.D. Searle, LLC, et al. |
| **OHIO SOUTHERN** | |
| OHS 3 05-194 | Sharon Allen, et al. v. G.D. Searle, LLC, et al. |
| OHS 3 05-195 | Geraldine Aellig, et al. v. G.D. Searle, LLC, et al. |
| OHS 3 05-196 | Betty Bragg, et al. v. G.D. Searle, LLC, et al. |
| OHS 3 05-197 | Diane Alexander, et al. v. G.D. Searle, LLC, et al. |
| OHS 3 05-199 | Curtis L. McEldowney, Jr., et al. v. G.D. Searle, LLC, et al. |
| **OKLAHOMA WESTERN** | |
| OKW 5 05-425 | Ghaleb Aweida v. Pfizer, Inc. |
| OKW 5 05-426 | Annie Marie Isaacs v. Pfizer, Inc. |
| **OREGON** | |
| OR 3 05-812 | Louis Sneer v. Pfizer, Inc. |
| **PENNSYLVANIA EASTERN** | |
| PAE 2 04-5987 | Mary Henderson v. Merck & Co., Inc., et al. |
| PAE 2 05-1908 | Maria Camardella, etc. v. Merck & Co., Inc., et al. |
| PAE 2 05-2169 | Keith Cardone v. Pfizer, Inc., et al. |
| PAE 2 05-2170 | Jose Martinez v. Pfizer, Inc., et al. |
| PAE 2 05-2217 | Lynnellen Daniels, et al. v. Pfizer, Inc., et al. |
| PAE 2 05-2222 | Willie Brooks, etc. v. Merck & Co., Inc., et al. |
| PAE 2 05-2967 | James F. Adams v. Pfizer, Inc., et al. |
| PAE 2 05-3469 | Robert L. Nichols, Jr., et al. v. Pfizer, Inc. |
| **SOUTH CAROLINA** | |
| SC 2 05-962 | Tomm L. Gipe, et al. v. Pfizer, Inc. |
| **TENNESSEE MIDDLE** | |
| TNM 3 05-321 | Consuelo Solis-King v. Pfizer, Inc. |
| **TEXAS EASTERN** | |
| TXE 1 05-309 | James A. Trainor v. Pfizer, Inc., et al. |
| TXE 1 05-348 | Raquel M. Jimenez v. Pfizer, Inc. |
| TXE 1 05-369 | Dorothy H. Boudreaux v. Pfizer, Inc., et al. |
| TXE 1 05-378 | Juneid N. Majors, etc. v. Pfizer, Inc. |
| TXE 1 05-383 | Kimberly Morris Blackshire, etc. v. Pfizer, Inc. |
| TXE 1 05-405 | Linda Dyer v. Pfizer, Inc. |
| TXE 1 05-418 | Horace Hebert v. Pfizer, Inc., et al. |
| TXE 1 05-431 | John G. Morphis v. Pfizer, Inc. |
| TXE 1 05-456 | Kathy Lasdin v. Pfizer, Inc. |
| TXE 1 05-459 | James A. Trainor v. Pfizer, Inc. |
| TXE 1 05-528 | Dora Jeanne Pickens v. Pfizer, Inc., et al. |
| TXE 1 05-529 | John Knight v. Pfizer, Inc., et al. |
| TXE 2 05-154 | James Davis, et al. v. Merck & Co., Inc., et al. |

# INVOLVED COUNSEL LIST (CTO-1)
## DOCKET NO. 1699
## IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Lawrence E. Abbott
Abbott, Simses & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA 70130

Price L. Ainsworth
Spivey & Ainsworth
48 East Avenue
Austin, TX 78701

James D. Arden
Sidley, Austin, Brown & Wood
787 7th Avenue
New York, NY 10019

James C. Barber
Law Office of James C. Barber
4310 Gaston Avenue
Dallas, TX 75246

Leslie A. Benitez
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX 78767-1148

Ronald R. Benjamin
Law Offices of Ronald R. Benjamin
126 Riverside Drive
P.O. Box 607
Binghamton, NY 13902-0607

James J. Bentivoglio
Heyl, Royster, Voelker, Allen
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025

J. Scott Bertram
Bertram Law Firm, LLC
9229 Ward Parkway, Suite 107
Kansas City, MO 64114

Andy D. Birchfield, Jr.
Beasley, Allen, Crow, Methvin,
Portis & Miles, PC
P.O. Box 4160
Montgomery, AL 36103-4160

J. Trenton Bond
Reaud, Morgan & Quinn, LLP
801 Laurel Street
P.O. Box 26005
Beaumont, TX 77720-6005

Jeffrey A. Bowersox
Savage, Bowersox, Supperstein, LLP
620 S.W. Fifth Avenue, Suite 1125
Portland, OR 97204

Reshonda L. Bradford
Singleton Law Firm
4050 Linwood Avenue
Shreveport, LA 71108

Thomas J. Brandi
Thomas J. Brandi Law Offices
44 Montgomery St., Ste. 1050
San Francisco, CA 94104

Mitchell M. Breit
Milberg, Weiss, Bershad
& Schulman, LLP
One Pennsylvania Plaza
New York, NY 10119

Gordon R. Broom
Burroughs, Hepler, Broom,
MacDonald, et al.
Two Mark Twain Plaza
103 West Vandalia Street
Suite 300
P.O. Box 510
Edwardsville, IL 62025-0510

Larry Grant Browning
Browning, Lamie & Gifford
P.O. Box 459
Lebanon, VA 24266

Virginia M. Buchanan
Levin Papantonio Thomas, et al.
316 South Baylen Street, Suite 600
P.O. Box 12308
Pensacola, FL 32502

Michael S. Burg
Burg, Simpson, Eldredge,
Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, CO 80112-2866

Peter W. Burg
Burg, Simpson, Eldredge,
Hersh & Jardine, P.C.
40 Iverness Drive East
Englewood, CO 80112-2866

Camala E. Capodice
Irwin Fritchie Urquhart & Moore, LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130

J. David Cecil
James F. Humphreys & Associates, L.C.
United Center
500 Virginia Street East
Suite 800
Charleston, WV 25301

Prince C. Chambliss, Jr.
Stokes, Bartholomew, Evans
& Petree, P.A.
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120

Lawrence B. Clark
Adams & Reese/Lange Simpson, LLP
2100 Third Avenue North
Concord Center
Suite 1100
Birmingham, AL 35203-3367

Su-Lyn Combs
Socha, Perczak, Setter & Anderson, PC
1775 Sherman Street
#1925
Denver, CO 80203

Christopher F. Cueto
Law Office of Christopher Cueto, Ltd.
7110 West Main Street
Belleville, IL 62223

Grant L. Davis
Davis, Bethune & Jones, LLC
1100 Main Street
2930 City Center Square
Kansas City, MO 64105

Amy Ficklin DeBrota
Price, Waicukauski, Riley
& Debrota
301 Massachusetts Avenue
Indianapolis, IN 46204

Mary N. Larimore
Ice Miller
One American Square
P.O. Box 82001
Indianapolis, IN 46282

Erik W. Legg
Farrell & Farrell
P.O. Box 6457
Huntington, WV 25772-6457

Andrew Edward Lemanski
Matt Freeman & Associates
230 Westcott, Suite 202
Houston, TX 77007

Seth R. Lesser
Locks Law Firm, PLLC
110 East 55th Street, 12th Floor
New York, NY 10022

Henry Leventis
Motley Rice, LLC
P.O. Box 1792
Mt. Pleasant, SC 29465

Arnold Levin
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Jeffrey J. Lowe
Jeffrey J. Lowe, PC
8235 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105

Brian J. Madden
Wagstaff & Cartmell, LLP
4740 Grand Avenue
Suite 300
Kansas City, MO 64112

John Paul Massicot
Silvestri & Massicot
3914 Canal Street
New Orleans, LA 70119-6003

David P. Matthews
Abraham Watkins Nichols Sorrels
Matthews & Friend
800 Commerce Street
Houston, TX 77002-1776

Kenneth B. McClain
Humphrey, Farrington
& McClain, P.C.
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO 64051

James J. McHugh, Jr.
Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107

Stephen P. McLaughlin
DLA Piper, Rudnick, Gray & Cary,
US LLP
1251 Avenues of the Americas
New York, NY 10020-1104

Patricia L. Mitchell
Shawn, Khorrami Law Offices
14550 Haynes Street, 3rd Floor
Van Nuys, CA 91411

Matthew P. Moriarty
Tucker Ellis & West, LLP
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115

Patrick J. Mulligan
Law Office of Patrick J. Mulligan
2911 Turtle Creek Boulevard
Suite 900
Dallas, TX 75219

Benjamin R. Nagin
Sidley, Austin, Brown & Wood
787 7th Avenue
New York, NY 10019

Tina B. Nieves
Gancedo & Nieves
144 West Colorado Blvd.
Pasadena, CA 91105

Richard F. O'Malley, Jr.
Sidley, Austin, Brown & Wood, LLP
10 South Dearborn Street, 48th Floor
Chicago, IL 60603

Heather Reardon Olson
DLA Piper, Rudnick, Gray & Cary
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103-7300

James G. Onder
Onder, Shelton, O'Leary & Peterson
1015 Locust Street
Suite 720
St. Louis, MO 63101

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
P.O. Box 69
Shreveport, LA 71161

Carlos A. Prietto, III
Robinson Calcagnie & Robinson
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660

B. Kristian W. Rasmussen, III
Levin Papantonio Thomas, et al.
P.O. Box 12308
Suite 600
Pensacola, FL 32591

Benjamin Reid
Carlton Fields, P.A.
100 S.E. 2nd Street
4000 International Place
P.O. Box 019101
Miami, FL 33131-9101

Andrew L. Richardson
Eldridge Cooper Steichen
& Leach, PLLC
P.O. Box 3566
Tulsa, OK 74101-3566

Randell C. Roberts
Roberts & Roberts
118 W. Fourth Street
Tyler, TX 75701-4000

Jannea S. Rogers
Adams & Reese/Lange Simpson, LLP
One Saint Louis Street, Suite 4500
P.O. Box 1348
Mobile, AL 35533

George Franklin Sanderson
Boies, Schiller & Flexner, LLP
570 Lexington Avenue
New York, NY 10022

Michael J. Sandmire
Ater, Wynne, Hewitt, Dodson
& Skerritt
222 S.W. Columbia
Suite 1800
Portland, OR 97201

Jon Paul Sawyer
Beasley, Allen, Crow, Methvin, Portis
& Miles, PC
P.O. Box 4160
Montgomery, AL 36103-4160

Peter E. Schnaitman
Snell & Wilmer
1920 Main Street, Suite 1200
Irvine, CA 92614-7230

RULE 5.2:   SERVICE OF PAPERS FILED

(a) All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b) The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c) Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d) In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e) If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:    CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.